IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MIGUEL MALDONADO,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV512-140

HILLARY RODHAM CLINTON,
Secretary of State,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Miguel Maldonado ("Maldonado") filed an action under 28 U.S.C. §§ 2201 and 2202 seeking a declaration that he is a national of the United States. He also filed a Motion for Leave to proceed *in forma pauperis*. For the reasons which follow, Maldonado's Motion should be **DENIED** and his Petition for Declaratory Judgment and for Injunctive Relief should be **DISMISSED**.

## STATEMENT OF THE CASE

Maldonado asserts that he is a national of the United States. In support of this assertion, Maldonado states that he has permanently resided in the United States since September 3, 1970; that he has pledged permanent allegiance to the United States; that he has voluntarily served in the United States military; and that his family resides in the United States. Maldonado states that he has filed three petitions for naturalization. Although he does not clearly articulate the results of each of those petitions, the

AO 72A
(Rev. 8/82)

implication is that each petition was denied. Maldonado seeks a declaration that he is a national of the United States.[1]

## DISCUSSION AND CITATION OF AUTHORITY

"Where an official's authority to act depends upon the status of the person affected, in this case eligibility for citizenship, that status, when in dispute, may be determined by a declaratory judgment proceeding after the exhaustion of administrative remedies." McGrath v. Kristensen, 340 U.S. 162, 169 (1950) (cited in Roberts v. INS, 372 F. App'x 921, 925 (11th Cir. 2010)). In McGrath, the United States Supreme Court concluded that the plaintiff could bring a § 2201 declaratory judgment action to determine citizenship status because the Attorney's General's refusal to suspend deportation was a final administrative decision.

However, in Roberts, the Court of Appeals for the Eleventh Circuit determined that the plaintiff could not bring a declaratory judgment action because the plaintiff's immigration proceedings had not yet begun. Specifically, even though the Department of Homeland Security ("DHS") had denied Roberts' naturalization application, Roberts had not challenged that denial before an immigration officer. Additionally, even though DHS issued a detainer for Roberts, Roberts had not received a Notice to Appeal commending removal proceedings. As a result, the district court in Roberts lacked jurisdiction to entertain Roberts' nationality claim. Similarly, this Court lacks jurisdiction to hear Maldonado's nationality claim because "it is clear on the face of [Maldonado's]

---

[1] Maldonado's Petition for Declaratory Judgment and for Injunctive Relief also discusses a detainer issued by the United States Immigration and Customs Enforcement, which Maldonado asserts was improperly issued because he is a national of the United States. To the extent that Maldonado seeks to have that detainer removed, this request was addressed in a prior 28 U.S.C. § 2241 petition filed by Maldonado. See Maldonado v. Johns, CV512-081.

AO 72A
(Rev. 8/82)

complaint that immigration proceedings [have] not yet begun[.]" Roberts, 372 F. App'x at 925.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Maldonado's Petition for Declaratory Judgment and for Injunctive Relief, filed pursuant to 28 U.S.C. §§ 2201 and 2202, be **DISMISSED**. Maldonado's Motion for Leave to proceed in forma pauperis should be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)